**YAN BO ZOU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–2392–ag.**

United States Court of Appeals, Second Circuit.

May 9, 2006.

Charles Christophe, New York, New York (Christophe & Associates, New York, New York), for Petitioner.

Anthony J. Jenkins, United States Attorney for the District of the Virgin Islands, Jason T. Cohen, Assistant United States Attorney, St. Thomas, Virgin Islands, for Respondent.

Present: Honorable AMALYA L. KEARSE, Honorable CHESTER J. STRAUB, and Honorable ROBERT A. KATZMANN, Circuit Judges.

### *SUMMARY ORDER*

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 9th day of May, two thousand six.

UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DE-CREED that the petition for review of the decision of the Board of Immigration Appeals ("BIA") be and it hereby is DE-NIED.

Petitioner Yan Bo Zou, through counsel, petitions for review of the April 20, 2005 BIA decision affirming the decision of the Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA agrees with the IJ that an applicant is not credible, and, "without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we will review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA." *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the factual findings of the BIA or the IJ

under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004).

Here, the BIA upheld the IJ's finding that, *inter alia*, Zou's credibility with respect to his claim of past persecution in connection with his alleged arrest for practicing Falun Gong was significantly undermined by his presentation of "suspect documents"—*i.e.*, search warrant, search record, arrest warrant, and arrest order. This finding was supported by substantial evidence. The 1998 United States State Department country profile for China contained a warning that document fraud was widespread in Fuzhou, Zou's home region. The documents submitted by Zou to the IJ had been analyzed in China by a special agent of the United States Immigration and Naturalization Service ("INS"); the INS agent found "big differences" between the stamps borne by Zou's arrest documents and the official stamps on two official government documents, one dated a few months before and one dated a few months after the alleged issuance of the documents proffered by Zou; and the resulting consular investigative report concluded that Zou's documents were fabricated. We cannot conclude that any reasonable adjudicator would be compelled to find Zou credible.

Although some of the IJ's other bases for finding Zou not credible are flawed, there is no realistic possibility that, absent the errors, the IJ or the BIA would have reached a different conclusion. Accordingly, we see no basis for remanding with respect to the denial of Zou's claim for asylum. *See generally Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 159–65 (2d Cir.2006); *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

We similarly reject Zou's challenge to the denial of withholding of removal. Because claims for withholding of removal face a heavier burden of proof than claims for asylum, *see Zhou Yun Zhang v. INS*, 386 F.3d at 71, an applicant who fails to establish eligibility for asylum necessarily fails to establish eligibility for withholding where, as here, the applicant's testimony is the only evidence that his or her "life or freedom would be threatened" in the home country, 8 U.S.C. § 1231(b)(3)(A). As Zou's application for relief under CAT is based on the same evidence as his asylum claim, which has been found to be incredible, Zou has not demonstrated his eligibility for relief under CAT. *See, e.g., Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

We have considered all of petitioner's contentions in support of this petition for review and have found them to be without merit. The petition for review is denied.

Zou's pending motion for a stay of removal is denied as moot.